UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Loushonda Myers; C.M., *a minor child*; A.M., *a minor child*; M.M., *a minor child*; Tyre Myers; Dameon Myers; Marvin Myers, Jr.; Charlena Franklin; Ernest Mattison; and Sandra Mattison,<br><br>Plaintiffs,<br><br>vs.<br><br>AT&T Corporation; Unknown agents of AT&T Corporation; U.S. Marshals Service; Unknown agents of U.S. Marshal Service; Federal Bureau of Investigation; Unknown agents of Federal Bureau of Investigation; Paul Gardner; Jeffery M. Long; Patrick J. Maley; Robert Waizenhoffer; Jeffrey J. Bruning; Willie Hinds; Georgetown City Police Department; Unknown officers/agents of Georgetown City Police Department; 15th Circuit Drug Enforcement Unit (formerly Georgetown County Organized Crime Bureau); Greg Hembree; Scott Hixon; Stephen Brown; Magdeline Salemno; South Carolina Law Enforcement Division (SLED); Unknown officers/agents of South Carolina Law Enforcement Division (SLED); Unknown "law enforcement Sources in South Carolina"; Keri Pope; Keenan Keith; Randy Gamble; Jimmy Cagle; Jody Ward; Micah Leddy; Georgetown County Sheriff's Office; Unknown officers/agents of Georgetown County Sheriff's Office; Bryan Konig; Jack Scoville; 15th Circuit Solicitor's Office (Georgetown and Horry Counties); Dan Furr; Kelvin Waites; Scott Scoggin; Lane Cribb; Unknown Informants and/or Witnesses of the GCPD; Nelson Brown; Glen Kufen; Jermaine Armstrong; State of South Carolina; John Hilliard; Unknown offciers/agents of the 15th Circuit Drug Enforcement Unit,<br><br>Defendants. | C/A No. 2:13-1432-RMG-BM<br><br><br><br><br><br><br><br>**REPORT**<br>**AND**<br>**RECOMMENDATION** |

Plaintiffs (ten (10) in number), all proceeding *pro se*, bring this civil action against forty-four (44) Defendants, alleging approximately twenty-five (25) causes of action based on various and wide-ranging alleged violations of their civil rights and/or tortious conduct, and seeking monetary damages and injunctive relief, pursuant to 42 U.S.C. §§ 1983 and 1985, the Electronic Communications Privacy Act, the Stored Wire and Electronic Communications Act, the Federal Tort Claims Act, and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

Section 1915 permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii). Hence, under 28 U.S.C. § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989). Additionally, although this Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980) (per curiam), the requirement of liberal

construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court, or that are otherwise not in a posture for proper litigation. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Such is the case here.

## DISCUSSION

The ten (10) *pro se* Plaintiffs in this case are Loushonda Myers; the three minor children of Loushanda Myers, designated on the docket as C.M., A.M., and M.M.; Tyre Myers, Dameon Myers, Marvin Myers, Jr., Charlena Franklin, Ernest Mattison, and Sandra Mattison. The Complaint (ECF No. 1), dated May 22, 2013 and filed on May 28, 2013, is signed by Loushonda Myers "Sui Juris/Pro Se/Private Attorney General, Mother and Legal Guardian of Minor Children C.M., A.M., M.M.," "Sui Juris/Pro Se/Private Attorney General POA for Dameon Myers,"[1] and "Sui Juris/Pro Se/Private Attorney General POA for Tyre Myers." *See* Complaint, ECF No. 1, pp. 68-69. The Complaint is also seperately signed by Marvin Myers, Jr., Charlena Franklin, Ernest Mattison, and Sandra Mattison. *Id.* at pp. 69-70. The Complaint is not signed by Dameon Myers or Tyre Myers, nor is it signed by a licensed attorney or a guardian *ad litem* who is acting on their behalf, or on behalf of the minor children, C.M., A.M., and M.M.

---



[1] While not alleged in the Complaint, the undersigned takes judicial notice of the South Carolina Department of Corrections ("SCDC") Incarcerated Inmate Search website, which shows that Dameon Myers is currently incarcerated in SCDC's Lieber Correctional Institution, in Ridgeville, South Carolina, serving a 20-year sentence for manufacture/distribution of cocaine, with a sentence start date of 08/20/2011, SCDC admission date of 10/26/2011, projected parole eligibility date of 08/18/2016, and projected release date of 08/15//2028. *See* http://public.doc.state.sc.us/scdc-public/ (last visited July 15, 2013); *Williams v. Long*, 585 F. Supp. 2d 679, 685-89 (D. Md. 2008) (collecting cases in which courts have held that postings on government websites are inherently authentic or self-authenticating).

3

Loushonda Myers alleges that over a period of time she has suffered varied constitutional and civil rights violations and personal injury through the actions of one or more of the Defendants, depending on the time and event, and also alleges the same or similar claims on behalf of her three minor children, as well as on behalf of Dameon Myers and Tyre Myers, for whom she purportedly holds a power of attorney. *See* Complaint, ECF No. 1-3, pp. 112-14; ECF No. 3, p. 4; ECF No. 4, pp. 4-6. However, Loushonda Myers does not allege that she is an attorney-at-law who is licensed to practice in South Carolina, and while she has the authority to litigate her own claims, *pro se*; *see* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel. . . ."); *United States v. Lawrence*, 605 F.2d 1321, 1324 (4th Cir. 1979) ("Under [§ 1654] . . . a [litigant] in federal court has long been guaranteed the right to self-representation. . . ."); she does not have the authority to litigate her minor children's claims or the claims of Dameon Myers and Tyre Myers in this case, as the right to litigate for oneself does not create a coordinate right to litigate for others. *See Myers v. Loudoun County Public Schools*, 418 F.3d 395, 401 (4th Cir. 2005) ("[N]on-attorney parents generally may not litigate the claims of their minor children in federal court.");[2] *Bank of Am. v. Campbell*, No. 1:12CV269, 2012 U.S. Dist. LEXIS 74947, 2012 WL 1951820 at *2 (M.D.N.C. May 30, 2012) ("In light of the

---



[2] Other circuit courts have also held that non-attorney parents generally may not litigate the claims of their minor children in federal court. *See Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Navin v. Park Ridge Sch. Dist*, 270 F.3d 1147, 1149 (7th Cir. 2001); *Devine v. Indian River County Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997); *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997); *Osei-Afriyie v. Med. Coll.*, 937 F.2d 876, 882-83 (3d Cir. 1991); *Cheung*, 906 F.2d at 61; *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986). In *Machadio v. Apfel*, 276 F.3d 103, 106 (2d Cir.2002) and in *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir.2000), the Second and Fifth Circuits allowed non-attorney parents to represent minor children *pro se* only in appeals from the denial of Supplemental Security Income benefits by the Social Security Administration, but did so by noting the unique policy considerations involved in such cases.

4

foregoing, well-established principle, district courts in this Circuit uniformly have precluded non-attorneys from litigating matters in the name of others based on claimed authority from some form of 'power-of-attorney.'") (citing *Securities & Exch. Comm'n v. White*, No. 8:11-944-HMH-KFM, 2011 U.S. Dist. LEXIS 44562, 2011 WL 1544202, at *3-4 (D.S.C. Apr. 22, 2011) (noting that even if family member holds power of attorney for party, non-lawyer cannot represent *pro se* party without violating law regarding unauthorized practice of law); *Miller v. Tampa Police Dept.*, No. 8:10-cv-487-T-33EAJ, 2010 U.S. Dist. LEXIS 73380, 2010 WL 2854259, at *2 (M.D. Fla. July 21, 2010) ("[A] power of attorney may not be used to circumvent state law prohibitions on the unauthorized practice of law.) (quoting *Jacox v. Dep't of Defense*, No. 5:06-cv-182, 2007 U.S. Dist. LEXIS 1871, 2007 WL 118102 (M.D.Ga.2007); *Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir.1991); *see also Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir.1986).").

The reasoning behind this rule is two-fold: it protects the rights of those before the court, *Myers*, 418 F.3d at 400 ("the competence of a layman [litigating for] himself [is] clearly too limited to allow him to risk the rights of others"), and jealously guards the judiciary's authority to govern those who practice in its courtrooms, *see Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 231 (3d Cir. 1998) ("Requiring a minimum level of competence protects not only the [client] but also his or her adversaries and the court from poorly drafted, inarticulate, and vexatious claims."); *see also Smith v. County of Pickens*, No. 8:08-01916-RBH, 2008 U.S. Dist. LEXIS 68171, 2008 WL 4200595, at *2 (D.S.C. Sept. 8, 2008) (unpublished); *Umstead v. Chase Manhattan Mortg. Corp.*, No. 7:04CV747, 2005 U.S. Dist. LEXIS 42500, 2005 WL 2233554, at *2 (W.D. Va. Sept. 13, 2005)

(unpublished) (ruling that, despite possessing a power of attorney, "M. Umstead, as a lay person without a license to practice, cannot represent J. Umstead in this action").

Hence, Plaintiff Loushonda Myers lacks standing to invoke this Court's subject matter jurisdiction on behalf of her minor children, C.M., A.M., and M.M., or on behalf of Dameon Myers or Tyre Myers; *see Penland Fin. Servs., Inc. v. Select Fin. Servs., LLC*, No. 6:08-3864-HMH-WMC, 2008 U.S. Dist. LEXIS 102584, 2008 WL 5279638, at *3 (D.S.C. Dec. 18, 2008) (unpublished) ("[B]ecause Charles Penland may not litigate *pro se* the rights of the corporation, he lacks standing to bring this action; and, therefore, this court does not have subject matter jurisdiction over this action."), aff'd, 315 F. App'x 456 (4th Cir. 2009); *Smith*, 2008 U.S. Dist. LEXIS 68171, 2008 WL 4200595, at *2 ("If Wertz may not litigate *pro se* the rights of Smith, then it appears that Wertz lacks standing to bring this action; and, therefore, this Court does not have subject matter jurisdiction over this action."); and these five (5) Plaintiffs, and any claims asserted herein which relate to these individuals, should therefore be dismissed from this litigation, without prejudice. *See Monk v. North Carolina*, No. 5:12CV770-BO, 2012 WL 7991330 (E.D.N.C. Dec. 31, 2012) (finding that an independent basis for dismissal of a minor child's claims was that the father was not authorized to bring suit on behalf of the minor child without legal representation); *Verbal v. Krueger*, No. 1:09CV990, 2010 WL 276644 (M.D.N.C. 2010) (concluding that a mother's attempt to bring claims on behalf of her minor child was legally frivolous because a non-attorney parent may not litigate cases of their minor children); *Campbell*, 2012 WL 1951820 at *2 ("In light of the foregoing, well-established principle, district courts in this Circuit uniformly have precluded non-attorneys from litigating matters in the name of others based on claimed authority from some form of 'power-of-attorney.'") (citing *White*, No. 8:11-944-HMH-KFM, 2011 WL 1544202, at *3-4 (noting



6

that even if family member holds power of attorney for party, non-lawyer cannot represent *pro se* party without violating law regarding unauthorized practice of law).

As for the remaining Plaintiffs (Loushonda Myers, as well as Marvin Myers, Jr., Charlena Franklin, Ernest Mattison, and Sandra Mattison), even with respect to these five (5) individuals, this action should be dismissed without prejudice. Upon review by the Court, it is apparent that Plaintiffs' claims are, to a significant degree, diverse and not arising out of the same transactions, occurrences, or series of transactions or occurrences, and are therefore not appropriate for maintenance in one lawsuit. *See* Rules 20 and 21, Fed.R.Civ.P. Plaintiffs' Complaint is a long and convoluted seventy (70) pages, with two hundred thirteen (213) additional pages of exhibits, and sets forth various grievances dealing not only with numerous law enforcement and prosecutorial agencies and individuals, but also with former defense attorneys, witnesses, and informants, and involving various claims and causes of action which, although Plaintiffs attempt to lump them all together, are actually a variety of different claims and allegations arising out of disparate events, including some that occurred in North Carolina.

For example, the only time Plaintiff Charlene Franklin appears to be mentioned in the seventy (70) pages of the Complaint is where it is alleged that the U. S. Marshals illegally trespassed on her property and harassed her family in 2009 while they were looking for the Plaintiff Marvin Myers, Jr., who was at that time apparently in jail. *Complaint*, pp. 31-32, ¶ 48. *See also* pp. 52-52 (¶ 100), 56-57 (¶ 111).[3] This claim, which will rise or fall on its own facts and evidence,

---

[3]Construed liberally, this allegation could potentially give rise to a *Bivens* claim for a violation of Franklin's constitutional rights. However, Franklin fails to allege which Defendants were allegedly involved in this incident. Further, to the extent Franklin may have been intending to also assert a claim based on this allegation under the Federal Tort Claims Act, she has herself attached an exhibit to the Complaint (Exhibit 50) which indicates that any court claims she may be

is a separate and distinct claim from the other disparate and wide ranging allegations in the seventy (70) page Complaint. *Cf. Choyce v. City and County of San Francisco,* No. 09-1352, 2009 WL 2137017 at * 2 (N.D.Cal. 2009)[Dismissing claims against Defendants in § 1983 action where claims and Defendants were unrelated]. Similarly, the only time the two Mattison Plaintiffs appear to be mentioned in the Complaint is when it is generally and conclusorily alleged that the U.S. Marshals "encroached upon" their property and engaged in an "unlawful search, seizure, and arrest; [and] invasion of privacy". See Complaint, pp. 56-57 (¶ 111 and 112). In addition to lacking the necessary factual allegations with respect to this claim,[4] the event alluded to would again rise or fall on its own merits and evidentiary support or non-support, and has no relation to the other varied and unconnected claims set forth in the one hundred thirty three (133) paragraphs of the Complaint. *Cf. Rosenbalm v. Foulk,* No 09-2208, 2010 WL 3324714 at * 1 (N.D.Cal. Aug. 23, 2010) [Not allowing case to proceed with unrelated claims]; *Harris v. Spellman,* 150 F.R.D. 130, 131 (N.D.ILL. 1993)[Dismissing claims in § 1983 case that were legally and factually unrelated].

Even with respect to Loushonda Myers and Marvin Myers, Jr., the allegations of the Complaint are so convoluted, wide ranging, general and conclusory, lacking in specifics, and generally lacking reference(s) to any particular Defendant (other than in some limited circumstances), that service of the Complaint at this time and as presented should not be authorized.

---

wishing to assert under the FTCA are time barred.

[4]No date is provided for when this event allegedly occurred, nor are there any allegations setting forth where this event occurred, who was or may have been arrested, or which Defendants (if any) were involved. Further, to the extent the Mattison Plaintiffs have intended to bring a federal tort claim with respect to this allegation, as was the case with Plaintiff Franklin, both of these Plaintiffs have themselves attached an exhibit to the Complaint indicating that any federal tort claim they might be intending to bring in this action is time barred. *See Complaint*, Exhibits 51 and 52.

8

*See James v. California Dep't. of Corrections*, No. 08-2706, 2011 WL 500239 at * 2 (N.D.Cal. Feb. 9, 2011)[Finding that improper joinder of claims could not be remedied by dismissal of unrelated claims because there was no indication from the Plaintiffs which claims they wanted to drop and which they wanted to keep.]; *Choyce,* No. 09-1352, 2009 WL 2137017 at * 2 [Dismissing claims against Defendants in § 1983 action where claims and Defendants were unrelated]; *cf. Rosenbalm,* No 09-2208, 2010 WL 3324714 at * 1 [Not allowing case to proceed with unrelated claims]; *Barber v. America's Wholesale Lender*, 289 F.R.D. 34, 367-368 (M.D.Fla. Feb. 25, 2013)["[Plaintiff] cannot join defendants who simply engaged in similar types of behavior, but who are otherwise unrelated; some allegation of concerted action between defendants is required"], (quoting *Spaeth v. Michigan State University College of Law*, 845 F.Supp.2d 48, 53 (D.D.C. 2012)); *see generally Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)["Naked assertions" of wrong doing necessitates some "factual enhancement" within the complaint]; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)["[W]here the well-pleaded facts [of a complaint] do not permit the court to infer more that the mere possibility of misconduct, the Complaint has alleged - but it is not shown - that the pleader is entitled to relief" as required by Rule 8)(internal citations omitted); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996)["While the pleading standard is a liberal one, bald assertions and conclusions of law" are not sufficient to avoid dismissal of a complaint for failure to state a proper claim.]; *Frey v. City of Herculaneum*, 44 F.3d at 671 ["Complaint must contain facts which state a claim as a matter of law and must not be conclusory"]; *Twombly*, 550 U.S. at 555 ["[F]actual allegations must be enough to raise a right to relief above the speculative level"]; *House v. New Castle County*, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; *see also Iqbal,*



129 S.Ct. at 1949-1950 ["[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"].

The undersigned reaches no conclusions at this time as to whether the named Plaintiffs, or any one of them, may have a claim or claims against any of the named Defendants, or what those claims might be. However, various and sundry claims (or potential claims) by multiple Plaintiffs against multiple Defendants arising out of different events, each with their own facts, and unrelated to each other in terms of time or parties, or even the type of claim being asserted, cannot be allowed to proceed in one lawsuit, where the discovery would not be connected by parties/witnesses/claims and which would certainly not be triable as one action in one proceeding. *Rosenbalm*, No 09-2208, 2010 WL 3324714 at * 1 [Not allowing amendment of complaint, but noting that Plaintiff could file a new action asserting claims that were improperly joined].

## RECOMMENDATION

Based on the foregoing, it is recommended that this Complaint be dismissed, without prejudice and without service of process. This will allow each Plaintiff, if they so choose, to bring their own lawsuit based on any specific event that happened *to them*, and naming only the necessary parties as Defendants who actually participated, or were involved in, that event or events, and with properly requested relief.

The parties are referred to the page attached hereto.

August 6, 2013
Charleston, South Carolina

Bristow Marchant
United States Magistrate Judge



10

### Notice of Right to File Objections to Report and Recommendation

The Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> **Robin L. Blume**
> **Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



11