IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Loushonda Myers; C.M., *a minor child;* A.M., *a minor child;* M.M., *a minor child;* Tyre Myers; Dameon Myers; Marvin Myers, Jr.; Charlena Franklin; Ernest Mattison; and Sandra Mattison,<br>　　　　　　　　　　Plaintiffs,<br>vs.<br><br>AT&T Corporation; Unknown agents of AT&T Corporation; U.S. Marshals Service; Unknown agents of U.S. Marshal Service; Federal Bureau of Investigation; Unknown agents of Federal Bureau of Investigation; Paul Gardner; Jeffery M. Long; Patrick J. Maley; Robert Waizenhoffer; Jeffrey J. Bruning; Willie Hinds; Georgetown City Police Department; Unknown officers/agents of Georgetown City Police Department; 15th Circuit Drug Enforcement Unit (formerly Georgetown County Organized Crime Bureau); Greg Hembree; Scott Hixon; Stephen Brown; Magdeline Salemno; South Carolina Law Enforcement Division (SLED); Unknown officers/agents of South Carolina Law Enforcement Division (SLED); Unknown "law enforcement Sources in South Carolina"; Keri Pope; Keenan Keith; Randy Gamble; Jimmy Cagle; Jody Ward; Micah Leddy; Georgetown County Sheriff's Office; Unknown officers/agents of Georgetown County Sheriff's Office; Bryan Konig; Jack Scoville; 15th Circuit Solicitor's Office (Georgetown and Horry Counties); Dan Furr; Kelvin Waites; Scott Scoggin; Lane Cribb; Unknown Informants and/or Witnesses of the GCPD; Nelson Brown; Glen Kufen; Jermaine Armstrong; State of South Carolina; John Hilliard; Unknown offciers/agents of the 15th Circuit Drug Enforcement Unit,<br>　　　　　　　　　　Defendants. | No. 2:13-cv-1432-RMG<br><br>**ORDER** |

1

This *pro se* matter is before the Court on the Report and Recommendation of the Magistrate Judge, (Dkt. No. 17), that the Plaintiffs' complaint be dismissed without prejudice and without issuance and service of process. This Report and Recommendation has been made as part of the pre-service review mandated for all *in forma pauperis* actions pursuant to 28 U.S.C. § 1915. *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655-56 (4th Cir. 2006). For the reasons set forth below, the Court agrees with and adopts the Report and Recommendation as the order of the Court.

## Background

The Magistrate Judge was assigned this matter for pretrial handling pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC. Ten (10) plaintiffs filed this action against forty-four (44) defendants asserting approximately twenty-five (25) causes of action alleging a wide array of civil rights violations and tortious conduct. (Dkt. No. 1). Here, Plaintiffs seek both monetary damages and injunctive relief pursuant to 42 U.S.C. §§ 1983 and 1985, the Electronic Communications Privacy Act, the Stored Wire and Electronic Communications Act, the Federal Tort Claims Act, and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

On May 28, 2013, Plaintiffs filed a motion for leave to proceed *in forma pauperis*. (Dkt. Nos. 2-8). After reviewing Plaintiffs' Applications to Proceed in District Court Without Prepaying Fees or Costs (Forms AO 240), the Magistrate Judge granted Loushonda Myers', Marvin Myers, Jr.'s, Charlena Franklin's, Ernest Mattison's, and Sandra Mattison's motions. (Dkt. No. 15). However, Loushonda Myers' motion for leave to proceed *in forma pauperis* that she filed on behalf of her three minor children, A.M., C.M., and M.M., and on behalf of Damian Myers and Tyre Myers was denied. (*Id.*). On August 6, 2013, the Magistrate Judge entered an

order directing the Clerk not to authorize service, and filed a Report and Recommendation ("R&R") recommending that this Court dismiss the Complaint without prejudice. (Dkt. No. 17). On August 21, 2013, Plaintiffs filed a timely objection to the R&R. (Dkt. No. 20).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

The Court is required to construe *pro se* complaints liberally to allow the development of meritorious claims. While "special judicial solicitude" is provided when reviewing the complaint of a *pro se* litigant, "a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)). Accordingly, the Court shall dismiss a plaintiff's action that is commenced pursuant to 28 U.S.C. § 1915 *sua sponte* if the claim is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## Discussion

The Plaintiffs' complaint was undersigned by Marvin Myers, Jr., Charlena Franklin, Ernest Mattison, Sandra Mattison, and Loushanda Myers. (Dkt. No. 1 at 68-70). Notably, Loushanda Myers also signed the complaint "Sui Juris/Pro Se/Private Attorney General, Mother and Legal Guardian of Minor Children C.M., A.M., M.M.," "Sui Juris/Pro Se/Private Attorney General POA for Dameon Myers," and "Sui Juris/Pro Se/Private Attorney General POA for Tyre Myers." (*Id.*). However, the signatures of Dameon Myers, Tyre Myers, a licensed attorney, or guardian *ad litem* who is acting on their behalf or on behalf of the minor children are absent. After reviewing the Magistrate Judge's R&R, the Court agrees that Loushanda Myers lacks the authority to assert claims on behalf of her three minor children, Dameon Myers, and Tyre Myers.

Here, under 28 U.S.C. § 1654, Loushanda Myers has the right to "plead and conduct" her own case in federal court. However, this right has not been construed as to grant a corresponding power to allow non-licensed attorneys to assert the rights of other *pro se* litigants. *See, e.g., Bank of Am. Inc. v. Campbell*, 1:12CV269, 2012 WL 1951820, at *2 (M.D.N.C. May 30, 2012) (district courts in the Fourth Circuit have uniformly refused to recognize that a designation of "power of attorney" confers the power to non-licensed persons to litigate claims in the name of others); *S.E.C. v. White*, Civ. No. 8:11-944-HMH, 2011 WL 1544202, at *3-4 (D.S.C. Apr. 22, 2011) (designation of power of attorney does not allow a non-attorney to exercise one's 28 U.S.C. § 1654 privileges on their behalf); *Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005) ("[N]on-attorney parents generally may not litigate the claims of their minor children in federal court."). This rule not only "protects the rights of those before the court," but also "jealously guards the judiciary's authority to govern those who practice in its courtrooms." *Myers*, 418 F.3d at 400 (internal citations omitted).

4

Because Loushanda Myers has not alleged that she is a licensed attorney, (Dkt. No. 20 at 14), she lacks standing to assert the claims of her minor children, Dameon Myers, and Tyre Myers, and she may not invoke this Court's subject matter jurisdiction. *See, e.g., Penland Fin. Servs., Inc. v. Select Fin. Servs., LLC*, Civ. No. 6:08-3864-HMH-WMC, 2008 WL 5279638, at *3 (D.S.C. Dec. 18, 2008); *Smith v. Cnty. of Pickens*, 8:08-01916-RBH, 2008 WL 4200595, at *2 (D.S.C. Sept. 8, 2008). Likewise, Loushanda Myers' assertion of standing to litigate the claims of her husband, Tyre Myers, through an "inherent power of God" and the common law recognition of husband and wife as a single legal entity are against the clear weight of authority. (Dkt. No. 20 at 10); *McCall v. Bangs*, 207 S.E.2d 91, 93 (S.C. 1974) ("The common-law theory of unity or identity of the spouses and the disability of coverture, insofar as they affect litigation have long since been completely abolished in this jurisdiction."). Finally, the claims asserted by Loushanda Myers on behalf of her minor children should be dismissed pursuant to 28 U.S.C. § 1915(e) because they are "legally frivolous." *See, e.g., Verbal v. Krueger*, 1:09CV990, 2010 WL 276644, *2 (M.D.N.C. Jan. 15, 2010) (mother's claims asserted in her own name on behalf of minor child rendered the claim "legally frivolous" because she did not have authority to litigate her child's claim in court); *Monk v. North Carolina*, No. 5:12-CV-770-BO, 2012 WL 7991330 (E.D.N.C. Dec. 31, 2012) (father's lack of authority to bring suit on behalf of minor child provides grounds for dismissal). Accordingly, any and all claims relating to these five (5) individuals are dismissed without prejudice.

Furthermore, the Court also agrees that the claims asserted by the five (5) remaining plaintiffs (Loushonda Myers, Marvin Myers, Jr., Charlena Franklin, Ernest Mattison, and Sandra Mattison) should be dismissed without prejudice. Rule 20 of Federal Rules of Civil Procedure sets forth a two-part requirement for effectuating the proper joinder of parties: 1) the action must

"aris[e] out of the same transaction, occurrence or series of transactions or occurrences" and 2) there must be a "question of law or fact common to all." Fed. R. Civ. P. 20(a). In the event that parties or claims are improperly joined, the Court has the power to "drop a party" or "sever any claim against a party." *See* Fed. R. Civ. P. 21; *Choyce v. City & Cnty. of San Francisco*, C 09-1352 JSW (PR), 2009 WL 2137017 (N.D. Cal. July 16, 2009) (§ 1983 claims dismissed when the claims and defendants were not related). Likewise, dismissal of the complaint may also be warranted when improper joinder cannot be remedied "by the dismissal of the unrelated claims because there is no indication from Plaintiff which claims he wants to drop and which he wants to keep. *See James v. Cal. Dep't of Corr.*, C-08-2706-JSW-PR, 2011 WL 500239 (N.D. Cal. Feb. 9, 2011).

Here, the severance of Charlena Franklin's and Ernest and Sandra Mattison's claims is warranted due to improper joinder. In their seventy (70) page complaint, which asserts twenty-five (25) causes of action and names forty-four (44) defendants, Plaintiffs have failed to establish the necessary congruence of parties and claims to properly effectuate joinder. Fed. R. Civ. P. 20. For instance, the single allegation involving Charlena Franklin is separate and distinct from those advanced by the Mattisons and Myers. Franklin alleges that a U.S. Marshall encroached on her property and harassed her family in 2009, (Dkt. No. 1 at 31-32), while Myers alleges a 2003 conspiracy in which the Georgetown Police Department and the Georgetown Sherriff's Department tried to pin a murder on the Myers family based upon hatred and race, (*Id.* at 9-12). Likewise, the Mattisons only appear in the complaint when it is alleged that U.S. Marshals inflicted an "unlawful search, seizure, and arrest; and invasion of privacy" by encroaching on their property. (*Id.* at 56-57). Additionally, the Court also agrees with the Magistrate Judge's finding that the Mattisons' allegations lack the requisite specificity of the pleading requirements

6

because neither the date, place of occurrence, name of the party who was arrested, nor which Defendant(s) were involved are included in the allegations. (*Id.*)

Finally, the Court also adopts the Magistrate Judge's findings that the allegations involving Loushanda Myers and Marvin Myers, Jr. are too general and conclusory to authorize service of the complaint. In their objection, the Plaintiffs contend that their complaint sets forth a "chain conspiracy." (Dkt. No. 21 at 4). However, these convoluted allegations of law enforcement conspiracy go little beyond "naked assertions of wrongdoing," and thus fail to meet the threshold pleading requirements of Rule 8. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007) ("factual allegations must be enough to raise a right of relief above the speculative level"). Likewise, the fact that Loushanda Myers and Marvin Myers, Jr. allege the same types of behavior by unrelated defendants does not relieve them of the requirement to show a "concerted action" by the defendants. *Barber v. Am.'s Wholesale Lender*, 289 F.R.D. 364, 367-68 (M.D. Fla. 2013) (quoting *Spaeth v. Mich. State Univ. Coll. of Law*, 845 F. Supp. 2d 48, 53 (D.D.C. 2012)). Accordingly, any and all claims relating to Loushanda Myers and Marvin Myers are dismissed without prejudice.

## Conclusion

For the reasons set forth above, the Court agrees with and adopts the R&R of the Magistrate Judge as the order of the Court. (Dkt. No. 17). Accordingly, the Plaintiffs' complaint is dismissed without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

September 9, 2013
Charleston, South Carolina